UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR FLEMMING MOLER**  **REG. # 27271-171** | : | **DOCKET NO. 2:20-cv-0876**  **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an original and amended civil complaint [docs. 1, 10] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Arthur Flemming Moler, who is proceeding pro se in this matter. Moler's claims involve events that occurred while he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCI-Oakdale").

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED** and the matter be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Moler arrived at FCIO in March 2018 and was transferred to another facility in September 2018. During this time, he alleges that he did not received proper medical care for his diabetes/kidney condition. Specifically, he alleges that one of his oral medications was cancelled without a replacement therapy or "consultation with Plaintiff" (doc. 10, p. 10) and that defendants were "provided written communications with Moler explaining the effect caused by medical acts and omissions of staff and, despite these notifications, they failed to take action and thus were deliberately indifferent to Moler's safety, care and subsistence required for his serious medical

needs for the proper care of diabetes" (*id*. at p. 12). He concluded that defendants "failed to follow standard and reasonable guidelines of insulin injections for type 2 diabetes mellitus" and "breached the duty of care and failed to live up to the accepted standards of care (*id*. at p. 13, 14). He argues that the defendants "failed to refer him to the appropriate specialist" (*id*. at p. 13) and did not record his blood sugar levels 100% of the time (*id*. at p. 16).

Plaintiff also complains that his grievances were not handled satisfactorily by FCIO staff or BOP officials.

## II.
## Law & Analysis

### A. *Frivolity Review*

Moler's complaint is subject to screening under 28 U.S.C. § 1915A of the Prison Litigation Reform Act of 1996, which directs the Court to conduct an initial review of a civil action by a prisoner seeking relief from a governmental entity or employee, in order to identify cognizable claims or dismiss the complaint if satisfied that it is frivolous or malicious. 28 U.S.C. 1915A(b)(1). This requirement applies to all prisoner litigants, whether they are proceeding in forma pauperis, or not. A claim may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may, if feasible, be made prior to docketing; therefore, such claims are dismissible *sua sponte* prior to service even though Plaintiff pays the appropriate fee, under Section 1915AB.

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws

of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[1] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

#### 1. Eighth Amendment

"[T]he treatment a prisoner receives in prison and the conditions und under which he is confined are subject to scrutiny under the Eighth Amendment." *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). Accordingly, the Eighth Amendment imposes on prison officials a duty to ensure that inmates' basic needs, including medical care, are met. *Farmer v. Brennan*, 114 S.Ct. 1970, 1976 (1994). It also obliges officials to "take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotations omitted).

To show a violation under this theory, the inmate must allege a sufficiently serious deprivation and a sufficiently culpable state of mind on the part of the prison official – that is, that the official acted with deliberate indifference to inmate health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Under this theory, a prison official is not liable unless he both knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 114 S.Ct. at 1977–79. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant

---

[1] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (quoting *Farmer*, 114 S.Ct. at 1980).

Moler has made no such showing. As is documented throughout his complaint, he was seen and treated by numerous nurses, physicians' assistants and doctors throughout his incarceration at FCIO. He was given medication, including Novolin 'R' and Novolin 'N' and Glipizide and his blood sugar was monitored. He does not contend that he was not given any medical care, only that he is entitled to better medical care.

While Moler may disagree with some aspects of his treatment, "a prisoner's disagreement with his medical treatment" does not constitute deliberate indifference, "absent exceptional circumstances*." Moreno v. Kwarting*, 763 Fed. Appx. 368, 369 (5th Cir. 2019) (*citing Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). The Fifth Circuit has stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). Moreover, the fact that a plaintiff continues to suffer pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). Furthermore, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Id*.

Moreover, Moler's repeated allegations that the defendants were deliberately indifferent to his safety, care and subsistence required for his serious medical condition, and that they failed to follow reasonable guidelines with respect to his medication, are conclusory statements.

*2. Grievances*

Moler also alleges that his grievances were not handled satisfactorily by FCIO staff or BOP officials.

Allegations of dissatisfaction with the investigation and/or rejecting of grievances fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 97 S. Ct. 2532, 2544 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). Accordingly, this claim lacks an arguable basis in law and is thus frivolous.

### III.
#### Conclusion

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in Chambers this 11th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE